IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BASEM M. HUSSEIN, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. CIV-09-650-L |
| DUNCAN REGIONAL HOSPITAL, INC., d/b/a DUNCAN REGIONAL HOSPITAL; SCOTT STREET, in his individual and official capacity; CURTIS HOLMES, in his individual and official capacity; and CHRISTY GREEN, in her individual and official capacity, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# **O R D E R**

On June 18, 2009, plaintiff filed this action seeking damages under 42 U.S.C. § 1983 for alleged violations of his right to due process. In addition to his federal claim, plaintiff asserts a state law claim for breach of contract. This matter is before the court on defendants' motions to dismiss the complaint for failure to state a claim. A complaint should not be dismissed for failure to state a claim unless it fails to contain sufficient factual allegations "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In assessing whether a claim is plausible, the court must construe the complaint in the light most

favorable to the plaintiff and must presume all factual allegations to be true. Id. at 555; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> Thus, "plausible" cannot mean "likely to be true." Rather, "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma *ex rel.* Dept. of Human Services, 519 F.3d 1242, 1247 (10th Cir. 2008).[1]

The allegations in the complaint[2] reveal that plaintiff is a physician who contracts with different health care entities for his services. Complaint at ¶ 1 (Doc. No. 1). Plaintiff was placed by Novus Medical LLC to work as a radiologist at defendant Duncan Regional Hospital ("DRH") on a temporary basis in April 2004. Id. at ¶¶ 9, 10, 13. Plaintiff was given privileges at the hospital on a *locum tenens*

---

[1] Normally, in analyzing the sufficiency of a claim, the court is not limited to the four corners of the complaint. Rather, the court may also consider documents referred to in the complaint if those documents are central to plaintiff's claims and the parties do not dispute their authenticity. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). While plaintiff's complaint references a number of documents, including the hospital's by-laws, neither party saw fit to attach those documents for the court's review. In their motions, defendants purportedly quote at length from the hospital's by-laws and other relevant documents. The court, however, declines to consider these quotes as defendants did not provide authenticated copies of the documents at issue.

[2] In their motions, defendants recite a number of facts that are not contained in the complaint. *See, e.g.,* Motion to Dismiss and Brief in Support of Defendant Christy Green at 3-6 (Doc. No. 7). Defendants did not supply affidavits or any other evidentiary basis for these facts. The court, thus, does not consider them in ruling on defendants' motions to dismiss. The court likewise did not consider any of the evidentiary materials submitted by plaintiff in his attempt to create a factual issue; the court, therefore, has not converted defendants' motions to dismiss into motions for summary judgment.

basis. Id. at ¶ 10.  He arrived at the hospital on April 19, 2004 to begin work.  Id. at ¶ 12.  Plaintiff only worked two days at DRH, April 19-20, 2004.  He alleges that defendant Curtis Holmes, who was head of the hospital's radiology department, informed him that plaintiff was to perform 150 radiology reads per day.  Id. at ¶ 14.  Plaintiff responded that the recognized standard was for a radiologist to perform no more than 75-80 reads per day.  Id.  Plaintiff contends that "Defendant Holmes, representing DRH made clear to Plaintiff on April 21, [2004][3] that Plaintiff was not welcome to be practicing medicine at DRH and made clear to Plaintiff that he should leave the premises."  Id. at ¶ 15.  Plaintiff was clearly informed that "he need not return, and . . . that his services were not needed at DRH."  Id. at ¶ 16.  Plaintiff alleges this conduct, which "stripped Plaintiff of his clinical privileges, without any of the protections contractually offered to him as a member of the medical staff", constitutes breach of contract.  Id. at ¶ 32.

In July 2004, the hospital filed a report with the National Practitioners Data Bank ("NPDB").  Id. at ¶ 18.  According to plaintiff, "Defendant Christy Green, DRH's sole designated person to enter information into the NPDB, was instructed by Defendant Scott Street and Defendant Curtis Holmes to send a negative malpractice entry to the NPDB about Plaintiff, and in the NPDB publication claimed Plaintiff had abandoned patients and harmed them."  Id.  Plaintiff contends the NPDB report was

---

[3]The complaint refers to the date as "April 21, 2009", which is an obvious typographical error as all other dates in the complaint reference April 2004.

issued without giving him advance notice and an opportunity to be heard on the matter. Id. at ¶ 19. This failure, he contends, violated his substantive and procedural due process rights. Id. at ¶ 29.

Defendants contend plaintiff's due process claim is barred by the applicable statute of limitations. As Congress did not enact an express statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, the court must apply the most analogous state statute of limitations. *See* EEOC v. W.H. Braum, Inc., 347 F.3d 1192, 1197 (10th Cir. 2003). The Court of Appeals for the Tenth Circuit has held that "§ 1983 claims are best characterized as personal injury actions," and therefore "the forum state's personal injury statute of limitations should be applied to all § 1983 claims." Blake v. Dickason, 997 F.2d 749, 750 (10th Cir.1993) (internal quotation marks omitted). Oklahoma applies a two-year statute of limitations to personal injury actions. 12 O.S. § 95(3). As plaintiff filed this action on June 18, 2009, all claims that accrued prior to June 18, 2007 are time-barred. *See* Pittsburg County Rural Water Dist. No. 7 v. City of McAlester, 358 F.3d 694, 712 (10th Cir.), *cert. denied*, 543 U.S. 810, 811 (2004).

To determine when plaintiff's due process claim accrued, the court applies federal, not state, law. Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir. 1993). Plaintiff, however, contends that this action is governed by the

4

continuing violation doctrine, which permits "a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, so long as an injurious act falls within the statute of limitations." Burkley v. Correctional Healthcare Management of Oklahoma, Inc., 141 Fed. Appx. 714, 716 (10th Cir. 2005) (unpublished).  He argues that the "report is still on file with the NPDB, and as such is continuing.  Plaintiff continues to be damaged each and every day."  Objection and Response to Defendant Christy Green's Motion to Dismiss at 10 (Doc. No. 14); Objection and Response to Defendant Duncan Regional Hospital, Scott Street and Curtis Holmes' Motion to Dismiss at 10 (Doc. No. 13).

The Court of Appeals for the Tenth Circuit has not yet determined whether the continuing violation doctrine, which arose in the context of employment discrimination claims,[4] applies to claims brought pursuant to § 1983.  *See* Burkley, 141 Fed. Appx. at 716 n.2.  Even if the doctrine applies, however, "if an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine to overcome" the statute of limitations.  Martin, 3 F.3d at 1415 n.6.  Moreover, the mere fact that acts that occurred outside the limitations period have a continuing effect within the limitations period is not sufficient to invoke the continuing violation doctrine when discrete constitutional violations are at issue.  *See*

---

[4] *See* Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1415 (10th Cir. 1993), *abrogation recognized by* Davidson v. America Online, Inc., 337 F.3d 1179, 1185 (10th Cir. 2003).

Davidson, 337 F.3d at 1185; Tibbs v. Texas, 77 Fed. Appx. 459, 460-61 (10th Cir. 2003) (unpublished), *cert. denied*, 541 U.S. 944 (2004).

With these standards in mind, the court finds plaintiff's due process claim is barred by the two-year statute of limitations.  The alleged violation of plaintiff's due process rights occurred in July 2004 when defendants sent a negative report to the NPDB without giving plaintiff advance notice and an opportunity to be heard.  That plaintiff continues to feel the effects of that negative report does not negate that he knew the report was filed in July 2004.  Plaintiff's § 1983 claim is thus premised on acts that occurred prior to June 18, 2007 that were sufficient to put him on notice that his rights had been violated.  Prior to that date, plaintiff knew that defendants had filed what he considered to be an inaccurate report, and that they had done so without providing him the due process rights which he claims he was entitled.  The alleged due process violation was obvious as of the date plaintiff received notice that the report had been filed, that is July 2004.  As plaintiff did not assert his due process claim within two years from that date, his claim is time-barred.[5]

Likewise, the court finds plaintiff's breach of contract claim time-barred.  Breach of contract claims are governed by a five-year statute of limitations.  12 O.S. § 95(1).  Under Oklahoma law, the statute of limitations begins to run from the time

---

[5] As the court concurs with defendants' analysis on the statute of limitations, it need not address the other grounds for dismissal raised by defendants.  The court notes, however, that defendants' assertion of issue and claim preclusion is without merit as no final judgment has been entered in the companion case.  Defendants are correct, however, that the due process claim is deficient since it does not allege that any defendant is a state actor.

the cause of action accrues. "A cause of action accrues when the litigant could have first maintained the cause of action to conclusion." <u>McCain v. Combined Communications Corp.</u>, 975 P.2d 865, 867 (Okla. 1998). According to the allegations in the complaint, the breach in this case occurred on April 21, 2004 when defendants denied plaintiff clinical privileges at the hospital. Complaint at ¶¶ 15, 32. As the alleged breach occurred more than five years before plaintiff filed this action, his breach of contract claim is untimely and must be dismissed.

For the reasons set forth above, the Motion to Dismiss of Defendants Duncan Regional Hospital, Scott Street and Curtis Holmes (Doc. No. 6) and the Motion to Dismiss of Defendant Christy Green (Doc. No. 7) are GRANTED. In light of this ruling, Defendants' Motion to Transfer (Doc. No. 9) is DENIED as moot. Judgment will issue according.

It is so ordered this 9th day of October, 2009.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge